USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

HEIDI DE LA CRUZ,                      :

                    Plaintiff,         :      16 Civ. 3954 (AT)(HBP)

     -against-                         :      REPORT AND
                                              RECOMMENDATION
CAROLYN W. COLVIN, Acting              :
Commissioner of Social Security
                                       :
                    Defendant.
                                       :

------------------------------------X

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE ANALISA TORRES, United States District

Judge,


I.   Introduction

          Plaintiff, proceeding pro se, brings this action

pursuant to section 205(g) of the Social Security Act (the

"Act"), 42 U.S.C. § 405(g), seeking judicial review of a final

decision of the Commissioner of Social Security ("Commissioner")

denying plaintiff's application for supplemental security income

("SSI") benefits.  The Commissioner has filed a motion to remand

the action for further proceedings (Docket Item ("D.I.") 13).

For the reasons set forth below, I respectfully recommend that

the Commissioner's motion be granted and that this matter be

remanded for further proceedings pursuant to the fourth sentence
of 42 U.S.C. § 405(g).

II. <u>Facts</u>[1]

A. <u>Procedural History</u>

Plaintiff was born on March 26, 1991 and first applied
for and received SSI in 2006 when she was fifteen years old (Tr.
94, 486, 523). The Act provides that an individual who qualifies
for SSI as a child must re-qualify when the individual turns
eighteen under the disability rules applicable to adults. <u>See</u> 42
U.S.C. 1382c(a)(3)(H)(iii). Plaintiff turned eighteen on March
26, 2009, and, on April 15, 2009, the Social Security Administra-
tion ("SSA") concluded that she was no longer disabled and
terminated her SSI payments (Tr. 81-84). Plaintiff requested
reconsideration of the SSA's decision, and, on September 17,
2009, the SSA affirmed its decision to terminate plaintiff's
benefits (Tr. 86-101). Plaintiff requested a hearing, and
Administrative Law Judge ("ALJ") Seth Grossman conducted a
hearing on October 4, 2010, during which plaintiff, who was not

---

[1]I recite only those facts relevant to my review. The
administrative record that the Commissioner filed pursuant to 42
U.S.C. § 405(g) (<u>See</u> Notice of Filing of Administrative Record,
dated July 21, 2016 (D.I. 10) ("Tr.")) more fully sets out
plaintiff's medical history.

2

represented by an attorney, testified on her own behalf (Tr. 423-457, 486). On April 15, 2011, ALJ Grossman issued a decision finding that plaintiff was not disabled (Tr. 483-96). Plaintiff appealed the ALJ's decision and, on September 28, 2012, the Appeals Council remanded the ALJ's decision for a new hearing and decision (Tr. 515-17). Among other things, the Appeals Council found that the ALJ's findings were overly vague and that the ALJ should have obtained additional testimony from a vocational expert (Tr. 516-17).

ALJ Grossman held additional hearings on June 25 and October 9, 2013, during which plaintiff, who was then represented by an attorney from the Legal Aid Society, testified on her own behalf (Tr. 38-79, 2193-2218). Plaintiff's mother accompanied plaintiff at these hearings (Tr. 38-79, 2193-2218). The ALJ also heard from a medical expert and a vocational expert (Tr. 63-79). In a decision dated March 27, 2014, ALJ Grossman again found that plaintiff was not disabled as of April 15, 2009 (Tr. 25-37). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on March 22, 2016 (Tr. 4-14).

B.  Medical Background

Because the Commissioner herself is moving for remand and has confessed to certain deficiencies in the administrative proceedings, it is not necessary to provide the detailed medical history that is usually set forth in an appeal from a denial of disability or SSI benefits.  For present purposes, it is sufficient to note that the medical record shows that plaintiff has a history of multiple medical problems, including morbid obesity, diabetes, hypothyroidism,[2] sleep apnea,[3] hypertension and depression (see, e.g., Tr. 166-73, 491, 650).  The medical record contains treatment notes from multiple sources as well as medical opinions from plaintiff's treating physicians and consultative examiners regarding plaintiff's physical and mental limitations.

In addition to the conditions identified above, plaintiff was the victim of an accident on July 8, 2013 in which she was struck and dragged by a motor vehicle (Tr. 2143-53).  As a result of that accident, plaintiff suffered a pelvic fracture, two fractures on her left rib, a fracture on her right scapula

---

[2]Hypothyroidism is a deficiency in the activity of the thyroid and is characterized by a decreased basal metabolic rate, fatigue and lethargy.  Dorland's Illustrated Medical Dictionary (32nd Ed. 2012) ("Dorland's") at 907.

[3]Sleep apnea refers to "transient periods of cessation of breathing during sleep."  Dorland's at 117.

and road rash burns on her face, neck, scalp, trunk, shoulder and upper arm (Tr. 2144). Plaintiff was hospitalized for approximately two months as a result of this accident (Tr. 2150-51).

## III. Analysis

The Commissioner seeks remand, confessing that in rendering his decision, the ALJ failed (1) to evaluate and weigh the medical opinion of one of plaintiff's treating physicians, Dr. Delsa Compres and (2) to develop the record by failing to obtain medical evidence regarding the injuries suffered in plaintiff's motor vehicle accident and any resulting limitations (Memorandum of Law in Support of the Commissioner's Motion for Remand, dated Nov. 17, 2016 (D.I. 14) ("Comm'r's Mem.") at 4-5).[4] See generally Burgess v. Astrue, 537 F.3d 117, 127-30 (2d Cir. 2008) (discussing the weight to be given to a treating physician and an ALJ's duty to develop the record); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (same); Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (same). Plaintiff has not submitted any response to the Commissioner's motion. Thus, it appears that the only possible issue is whether the matter should be remanded for

---

[4]I note that the ALJ also failed to address the opinion of plaintiff's treating physician Dr. Erika Brutsaert (See Tr. 2096-2102).

5

further proceedings pursuant to the fourth sentence of 42 U.S.C.
§ 405(g)[5] or remanded solely for the calculation of benefits.

"Ordinarily in a case where, as here, there is con-
flicting medical evidence, remand simply for the calculation of
benefits is unwarranted." Kearney v. Astrue, No. 08-CV-572 (JG),
2008 WL 2705525 at *4 (E.D.N.Y. July 11, 2008) (Gleeson, D.J.),
citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). In
this case, there was conflicting evidence on the issue of whether
plaintiff was disabled. For example, Dr. Brutsaert opined in
December 2012 that plaintiff could sit for ten hours, stand for
six hours and walk for one to three hours total in a work day
(Tr. 2099), which is consistent with the ability to do sedentary
work. See SSR 96-9P, 1996 WL 374185 at *3 (SSA July 2, 1996).
Psychiatrist Dr. Edward N. Halperin testified at the hearing
that, based on his review of the medical record, he concluded
that plaintiff could do work involving simple tasks and could

---

[5]The Commissioner states that the issue in this matter is
"[w]hether this case should be reversed and remanded to the
Commissioner for further administrative proceedings pursuant to
the fourth sentence of 42 U.S.C. § 1383(c)(3)" (Comm'r's Mem. at
1). Subparagraph 1383(c)(3) provides, in its entirety, "[t]he
final determination of the Commissioner of Social Security after
a hearing under paragraph (1) shall be subject to judicial review
as provided in section 405(g) of this title to the same extent as
the Commissioner's final determinations under section 405 of this
title." I presume the Commissioner's reference to the fourth
sentence of subparagraph 1383(c)(3) was intended to be a
reference to the fourth sentence of 42 U.S.C. § 405(g).

6

interact with co-workers, supervisors and the public (Tr. 63-71, 74). Thus, remand for further consideration of whether plaintiff is disabled is the appropriate remedy.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respect-fully recommend that the Commissioner's motion for judgment on the pleadings be granted and that the case be remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Analisa Torres, United States District Judge, 500 Pearl Street, Room 2210, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007.  Any requests for an extension of time for filing objec-tions must be directed to Judge Torres.  FAILURE TO OBJECT WITHIN

FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:　New York, New York
　　　　May 3, 2017

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　HENRY PITMAN
　　　　　　　　　　　　　　　　United States Magistrate Judge

Copies mailed to:

Ms. Heidi De La Cruz
1695 Hoe Avenue
Apt. B1
Bronx, New York　10460

Copies transmitted to

Heetano Shamsoondar, Esq.
Office of The General Counsel
Social Security Administration
Room 3904
26 Federal Plaza
New York, New York　10278

8